(Reap. Dec. 10355)

STOCKHEIMER & HARDER
AMERICAN FOREIGN INDUSTRIES, INC. } v. UNITED STATES

Entry No. 894382–1/2, etc.

(Decided October 25, 1962)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *Hadley S. King* and *Norman C. Schwartz* of counsel) for the plaintiffs.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

OLIVER, Chief Judge: These are appeals for reappraisement of the values of certain fishhooks, exported from France on or about March 29 and July 5, 1955.

At the time the statements required under the provisions of rule 15(d) of this court were filed with the court, it appeared that the parties were in agreement that cost of production, as defined in section

402(f) of the Tariff Act of 1930, as it existed prior to the enactment of the Customs Simplification Act of 1956, was the proper basis for the determination of the values of the fishhooks involved. The difference between the parties was, therefore, as to the amounts which represented the correct cost of production of each invoice item.

The issue was submitted for decision upon the basis of documentary evidence, an affidavit of a person connected with the French manufacturer and exporter being received in evidence over general objections of counsel for the defendant as plaintiffs' exhibit 1. The report of the American vice consul, detailing information obtained through correspondence and telephone conversations with the manufacturer, was received in evidence without objection as defendant's exhibit A.

Although, as hereinbefore indicated, the statement filed on behalf of the defendant under rule 15(d), *supra*, shows that defendant contended that cost of production was the correct statutory basis for the determination of the value of the merchandise, in the brief filed in its behalf, defendant's counsel appears to have abandoned cost of production as the correct basis of value for the merchandise and contends that the record demonstrates, by affirmative proof, the existence of a foreign value for the merchandise.

Counsel for the plaintiffs questions the propriety and the legal effect of such action on the part of counsel for the defendant, contending that, by virtue of the appraisement having been made on the basis of cost of production, and defendant, by filing the statement under rule 15(d), having stated that the statutory basis of value contended for was cost of production, the issue in the case was limited to the correct cost of production of the merchandise.

It does not seem to be open to question but that, by its appeal for reappraisement, an importer may challenge one item of an appraisement (*United States* v. *Fritzsche Bros., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371) and, in the absence of attack by the opposing party with respect to the remaining items of appraisement, the latter are presumed to be correct. *United States* v. *Freedman & Slater, Inc.*, 25 C.C.P.A. (Customs) 112, T.D. 49241.

Defendant contends that the foregoing cases do not apply to the situation at bar, since the plaintiffs herein were not challenging any *one* item involved in the return of the appraiser as the cost-of-production value of the merchandise, but were challenging the entire *amount* returned as the cost of production of the merchandise.

I find no merit in this argument. Every value, whether returned by an appraiser or found by a court, must embody two elements— (1) a statutory basis and (2) an amount. The statutory bases of value under the tariff act, as in existence at the time the present importations were made, were foreign, export, United States, cost of production, and American selling price.

It is not disputed that the merchandise here in issue was returned by the appraiser at a value based upon cost of production under section 402(f), *supra*. Implicit in that return by the appraiser is a finding that no foreign, export, or United States value existed for the merchandise. In challenging the amounts returned by the appraiser as the statutory cost of production, the plaintiffs in the case at bar did not challenge the finding that no foreign, export, or United States value existed, and I am of the opinion that, under the principles expressed in the *Fritzsche* and *Freedman & Slater, Inc.*, cases, as well as in the case of *United States* v. *Schroeder & Tremayne, Inc., James H. Rhodes & Co.*, 41 C.C.P.A. (Customs) 243, C.A.D. 558, challenging the *amount* of the cost of production of each invoice item did not destroy the presumption of correctness attaching to the findings of the appraiser that no foreign, export, or United States value existed for merchandise such as or similar to that at bar. See *A. N. Deringer, Inc.* v. *United States*, 44 Cust. Ct. 630, Reap. Dec. 9656, affirmed in *United States* v. *A. N. Deringer, Inc.*, 46 Cust. Ct. 762, A.R.D. 127, and cases therein cited.

Far from attacking those findings, the defendant, by its statement under rule 15(d), completely removed them from issue. Therefore, I find the sole question before me to be whether the evidence adduced at the trial of the issue established cost-of-production values for the merchandise at bar other than those returned by the appraiser.

None of the evidence offered by the defendant appears to relate to cost of production. The sole evidence before me on that issue is the affidavit, plaintiffs' exhibit 1, hereinbefore referred to.

The affiant in plaintiffs' exhibit 1 identifies himself as Henri Viellard, director of the fishing equipment division of the French manufacturer and exporter for some 25 years prior to the date of his affidavit. He states that, during the period mentioned, he was "intimately familiar with all of the operations of the company" and that the facts in the affidavit are stated of his own knowledge.

On the foregoing basis, it would appear that the affiant is a person having such knowledge of the facts with respect to cost of production of the merchandise involved as would make him competent to state such facts. The involved merchandise is identified in the affidavit by a series designation, a description, and a number. These match the same designations, descriptions, and numbers shown on the invoices, except that no information is given in the affidavit as to the merchandise under series 9617 N, "Hamecon triple à anneau. fil moyen-nickelé," 7/0 and 12/0. As to such merchandise, therefore, the values returned by the appraiser must be presumed to be the correct values of the merchandise. (28 U.S.C., § 2633.)

As to all of the other merchandise covered by the invoices, the affiant has set forth under each invoice description an amount in

French francs for each of the four paragraphs of section 402, *supra*, representing the elements of cost of production, namely, (1) cost of materials and of fabrication, (2) usual general expenses, (3) cost of containers, and (4) an addition for profit.[1] With respect to the element of fabrication, considerable detail has been furnished showing the cost of each operation involved in the fabrication of the fishhooks involved, but as to each of the remaining elements of cost of production a total only is furnished, without any breakdown.

The figures referred to are identified as the actual cost of production of the hooks covered by the shipments here in issue. Counsel for the defendant contends that the cost-of-production figures offered represent conclusions of ultimate facts without any evidentiary facts in support thereof and that they are hearsay and self-serving. From a perusal of the brief filed on behalf of the defendant, it is evident that its counsel considers that, as to cost-of-production elements (1) and (2), a breakdown or itemization of the particular costs entering into each element should have been furnished.

As pointed out by counsel for the plaintiffs, the case of *Philipp Wirth et al.* v. *United States* (cross-appeals), 23 C.C.P.A. (Customs) 283, T.D. 48144, is authority for holding that, in establishing cost of production under the statute, no separate itemization or breakdown of each of the elements of cost of production is required. The cost-of-production statute here involved is successor in substantially the same language as that involved in the *Wirth* case, and, for the reasons stated by our appellate court in that case, I am satisfied that, in respect of sufficiency of detail, the evidence offered in this case meets the evidentiary requirements there set forth.

The foregoing would also seem to apply to cost-of-production element (3), the cost of containers, etc., incurred in connection with the merchandise here under consideration, which, as given in the affidavit of Mr. Viellard, appears to be the French franc equivalents of the amounts included in the invoice dollar prices for such cost.

---

[1] Section 402(f), as in existence at the times here pertinent, reads as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

This leaves for consideration only the question of the correctness of the addition for profit, cost-of-production element (4). The affiant states that his company is the only manufacturer in France of fishhooks, a fact which would be within his knowledge not only by reason of his position in, and familiarity with, the business of the manufacturer, but also by reason of the fact that his firm was a member of French trade associations and business organizations comprised of all those engaged in the manufacture and sale of fishing equipment.

Since there were no other manufacturers of fishhooks in France, it follows that there were no "manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind." *United States* v. *Henry Maier*, 21 C.C.P.A. (Customs) 41, T.D. 46378. The facts in that case, which were analogous to those in the case at bar, involved the cost of production of certain unfinished velvets, or velvets in the gray. It was established that there were no manufacturers in the country of exportation, other than the manufacturer of the particular unfinished velvets there in question, who offered and sold unfinished velvets, that is to say, all other manufacturers of velvets offered only finished velvets.

Under such circumstances, our appellate court was of the opinion—

\* \* \* that the ordinary profit of the manufacturer of the merchandise here involved may be accepted in arriving at the cost of production; or at least, it constitutes some substantial evidence of the profit required by the statute to be added to the other costs of production.

I am of the opinion that a like ruling is warranted on the facts of this case. The profit shown in the affidavit for each invoice item is established to have been based upon those which obtained in the case of sales of fishhooks by the manufacturer during the 6 or 9 months preceding the shipments here involved. In each case, the profit shown exceeds the statutory minimum (as, incidentally, does the total shown of usual general expenses, cost-of-production element (2)). On the record presented, I find that plaintiffs have made out a *prima facie* case establishing the cost-of-production figures adduced by them to be those called for by the statutory requirements.

Such *prima facie* case overcomes the presumption in favor of the correctness of the amount of cost of production returned by the appraiser, and, inasmuch as the defendant did not go forward with the evidence, I find as facts:

1. That the merchandise involved consists of fishhooks, exported from France in March and July 1955, which was appraised on the basis of cost of production, as defined in section 402(f), Tariff Act of 1930, as in force and effect at the times of importation.

2. That the appeals for reappraisement have been limited to the merchandise identified in finding of fact No. 5, *infra*.

3. That, on or about the dates of exportation of the merchandise identified in finding of fact No. 5, such or similar merchandise was not freely offered for sale to all purchasers in the country of exportation either for home consumption or for exportation to the United States.

4. That, on or about the said dates of exportation, such or similar imported merchandise was not freely offered for sale to all purchasers in the United States.

5. That, on or about the said dates of exportation, as to each of the invoice items identified herein, the amounts of each of the elements of the cost of production thereof, and the total of such amounts, were as follows:

INVOICE DESCRIPTION

9617 R-Hamecon triple, a anneau fil moyen-bronze, No. 8:

|  | French francs per 1,000 |
|---|---|
| Raw materials | 126. 00 |
| Fabrication | 1, 590. 39 |
| General expenses | 316. 09 |
| Addition for profit | 208. 20 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 34. 32 |
| TOTAL | 2, 275. 00 |

INVOICE DESCRIPTION

9617 N-Hamecon triple, a anneau fil moyen-nickele, No. 6:

|  | French francs per 1,000 |
|---|---|
| Raw materials | 182. 70 |
| Fabrication | 1, 651. 06 |
| General expenses | 356. 81 |
| Addition for profit | 222. 75 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 36. 68 |
| TOTAL | 2, 450. 00 |

INVOICE DESCRIPTION

9617 N-Hamecon triple, a anneau fil moyen-nickele, No. 4:

|  | French francs per 1,000 |
|---|---|
| Raw materials | 240. 80 |
| Fabrication | 1, 638. 72 |
| General expenses | 304. 12 |
| Addition for profit | 228. 77 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 37. 52 |
| TOTAL | 2, 449. 93 |

### INVOICE DESCRIPTION

206 T14-Spl. ABERDEEN fil rond, tige pliee a angle droit etame, No. 1:

| | French francs per 1,000 |
|---|---|
| Raw materials | 42. 62 |
| Fabrication | 358. 91 |
| General expenses | 46. 98 |
| Addition for profit | 38. 55 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 9. 94 |
| TOTAL | 497. 00 |

### INVOICE DESCRIPTION

206 T14-Spl. ABERDEEN fil rond, tige pliee a angle droit etame, No. 2:

| | French francs per 1,000 |
|---|---|
| Raw materials | 34. 72 |
| Fabrication | 358. 91 |
| General expenses | 46. 10 |
| Addition for profit | 49. 40 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 7. 87 |
| TOTAL | 497. 00 |

### INVOICE DESCRIPTION

206 T14-Spl. ABERDEEN fil rond tige pliee a angle droit etame, No. 1/0:

| | French francs per 1,000 |
|---|---|
| Raw materials | 47. 39 |
| Fabrication | 358. 91 |
| General expenses | 73. 64 |
| Addition for profit | 50. 93 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 8. 13 |
| TOTAL | 539. 00 |

### INVOICE DESCRIPTION

206 T14–Spl. ABERDEEN fil rond tige pliee a angle droit etame, No. 2/0

| | French francs per 1,000 |
|---|---|
| Raw materials | 51. 52 |
| Fabrication | 358. 91 |
| General expenses | 135. 43 |
| Addition for profit | 51. 43 |
| Containers, coverings, and costs, charges, and expenses incident to placing merchandise in condition, packed ready for shipment to the United States | 8. 31 |
| TOTAL | 605. 60 |

6. That plaintiffs offered no proof with respect to the merchandise covered by the instant appeals for reappraisement, except as to the invoice items described in finding of fact No. 5, *supra*.

I conclude as matters of law:

1. That cost of production, as defined in section 402(f), Tariff Act of 1930, as in existence prior to the enactment of the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise described in finding of fact No. 5, *supra*, and that such cost of production as to each item was the figure opposite the word "TOTAL" in each instance in such finding; and

2. That as to all merchandise covered by the invoices in the appeals for reappraisement here involved, other than that described in finding of fact No. 5, by operation of section 2633, title 28, United States Code, the said cost of production is the value found by the appraiser.

Judgment will issue accordingly.