(Reap. Dec. 11034)

STOCKHEIMER & HARDER
AMERICAN FOREIGN INDUSTRIES, INC. } *v.* UNITED STATES

Entry Nos. 894382–1/2; 716135.

(Decided on rehearing [Reap. Dec. 10355] June 24, 1965)

*Lawrence & Tuttle (George R. Tuttle, Jr.*, of counsel) ; *Barnes, Richardson & Colburn (Norman C. Schwartz* of counsel), associate counsel; for the plaintiffs.
*John W. Douglas*, Assistant Attorney General (*Samuel D. Spector* and *Sheila N. Ziff*, trial attorneys), for the defendant.

WILSON, Judge: This case was tried once before, submitted, and decided: *Stockheimer & Harder et al.* v. *United States*, 49 Cust. Ct. 420, Reap. Dec. 10355. Thereafter, upon motion of the Government to which the plaintiffs agreed, a rehearing was granted. This is a trial *de novo* of the reappraisement appeals involved.

Although much extraneous matter is contained in the new record and in the briefs filed by the parties, the sole issue now involved is whether 9.60 per centum of the invoiced value was properly added as part of the appraised value. The said 9.60 per centum represents a certain French social security and similar taxes imposed against the imported merchandise by the French Government and refunded to the exporter subsequent to the exportation of the goods to the United States.

It was agreed between the parties that the appeals to reappraisement in this case are limited to certain fishhooks appraised under the provisions of section 402(f) of the Tariff Act of 1930, being reappraisement appeal 271009–A, item 9617N, Hamecon Triple No. 6 and No. 4, and reappraisement appeal 269272–A, 206 T14 SPL ABERDEEN, No. 1, No. 2, No. 1/0, No. 2/0. It was further agreed that the appeal 271009–A does not apply to item 9617R which was appraised on the basis of foreign value. The appeals were submitted upon the following signed stipulation between the parties:

1. That this stipulation is limited to those items appraised on the basis of cost of production, Section 402(f) of the Tariff Act of 1930 as it existed prior to the Customs Simplification Act of 1956, at the invoice value plus 9.60 per centum, net packed.

2. That the said 9.60 per centum addition represents a rebate of French Social Security and similar taxes, received by the manufacturer after the merchandise had been exported to the United States.

3. That the said 9.60 per centum addition was included in the appraised cost of production of the involved merchandise as a usual general expense, Section 402(f)(2), Tariff Act of 1930.

4. That if the said 9.60 per centum addition properly forms no part of said usual general expenses, the correct cost of production of the involved merchandise is as found by the court in its decision heretofore rendered herein on October 25, 1962 (R.D. 10355) ; that if the said 9.60 per centum addition properly forms part of said usual general expenses, the appraised values herein represent the proper cost of production.

As set forth in the stipulation, if it is found by the court that the 9.60 per centum addition to the invoiced value represents a proper part of said value, then the appraised values are correct, but if the said

9.60 per centum addition does not properly form or constitute a part of the usual general expenses, then the correct cost of production of the involved merchandise is as found by the court in its decision heretofore rendered in Reap. Dec. 10355, *supra*.

Section 402 (f) of the Tariff Act of 1930 reads as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

In addition to the written stipulation, hereinbefore set forth, each of the parties introduced a written document. Plaintiffs offered in evidence the affidavit of one Henri Viellard, the principal stockholder of Viellard-Migeon & Cie, the manufacturer of the fishhooks involved in these appeals (plaintiffs' exhibit 1). Defendant's exhibit A consists of the report of one G. Edward Reynolds of Strasbourg, France, an American vice consul, in which he outlines certain information concerning the sales policies of the exporting company. Part of exhibit A is in the French language but is accompanied by a translation into English. There is really nothing in either of the documents to assist the court in determining whether the taxes involved do or do not constitute a proper part of the appraised value.

Counsel for the plaintiffs made the following statement concerning the tax:

Under the cost of production theory I am advised that there is a further issue of whether the *ristourne* tax should be considered a part of the dutiable value. And I am informed that we will be able to enter into a stipulation with Government counsel relating to the fact that the *ristourne* tax was involved in the general expenses. But I wish to secure and have made efforts to secure a statement from the manufacturer as to the method by which he carried the *ristourne* tax on his books. It was never figured into the general expenses because this

tax was refunded to the French manufacturer on the exportation of the goods to the United States. * * * [R. 27–28.]

However, no affidavit was ever filed by the plaintiffs indicating how, if at all, the exporting company carried such tax upon its books, so we are left with the statements in the written stipulation between the parties for all of our factual information concerning the French tax or taxes.

The Government, as may be definitely implied from the stipulation, considered the 9.60 per centum tax as part of the general expenses of the manufacturer and, as such, properly part of the dutiable value on the basis of cost of production, which, it was agreed, was the proper basis for appraisement.

It was part of the burden of the plaintiffs in this case to show the manner in which the tax was levied and any other facts relied upon to establish that said tax should not be included as part of the general expenses and, therefore, should not be included as part of the appraised value based on the cost of production. This the plaintiffs have failed to do.

The court is of the opinion that under the facts in this record, the case of *Schweppes (U.S.A.), Ltd.* v. *United States*, 43 Cust. Ct. 608, A.R.D. 111, is applicable in the determination of the issue here involved. The facts in the *Schweppes* case, as set forth in A.R.D. 111, *supra*, were as follows: The imported merchandise consisted of certain flavoring extract imported in steel drums. The drums, however, were separately classified and appraised, and their value was not involved in the reappraisement appeal. The flavoring extract was appraised at 303 shillings, 1.90 pence per imperial gallon, based upon cost of production, as defined in section 402 (f) of the Tariff Act of 1930. The difference there between the appraised value and the claimed value was found in the fact that the appraiser included in the official valuation and as part of the cost of production an excise tax paid by the British manufacturer to the British Government at the time of the purchase of certain ethyl alcohol which was used in the manufacture of the imported goods. This tax was refunded to the manufacturer after the exportation of the merchandise. In the *Schweppes* case, *supra*, a written stipulation of facts was filed by the parties in which it was set forth that one of the ingredients used in the manufacture of the involved product was ethyl alcohol. The only issue was whether the excise tax actually paid by the manufacturer to and later remitted by the British Government on ethyl alcohol used in the making of the imported merchandise was properly included as part of the cost of production.

It will be seen that the only factual difference between the reappraisement appeals now before us and the appeal in the *Schweppes* case, *supra*, is that, in the latter case, the tax is designated an excise tax

which was levied against material used in making the involved product, while, in the instant case, the tax included in the appraised value is referred to as "French Social Security and similar taxes." The facts are exactly the same, however, in that the tax was imposed against the exporter at or before the time of manufacture of the goods in question and refunded to the exporter subsequent to the exportation of the goods to the United States. In view of the plaintiff's failure to produce any evidence to show a distinction between the tax or taxes in the *Schweppes* case, *supra*, and the instant case, we can see no logical basis for making a distinction. In the *Schweppes* case, *supra*, at page 611, the court stated:

It is clear from the foregoing that the issue as posed by the parties is whether or not the British excise tax on ethyl alcohol, paid upon the purchase of the alcohol, but refunded upon exportation of the flavoring extract, is an element to be considered in determining the cost of production of the merchandise at bar.

The court, in the *Schweppes* case, held the British excise tax had been properly considered by the appraiser as part of "cost of materials," because such tax was part of the cost of materials at or prior to the time of the manufacture of the merchandise there imported. See also *Swizzels, Inc.* v. *United States*, 38 Cust. Ct. 644, Reap. Dec. 8794; and *Adolph Goldmark & Sons Corp.* v. *United States*, 31 CCPA 6, C.A.D. 241.

In this case, the court is of the opinion that the plaintiffs have failed to show that the appraised values are incorrect. The court, therefore, holds that the addition of the 9.60 per centum tax to the invoiced value made by the appraiser in determining the value of the involved merchandise was correct and that the appraised values should stand.

The court, therefore, makes the following findings of fact:

1. That the imported merchandise before the court consisted of certain fishhooks, manufactured in France and exported to the United States on or about March 29 and July 5, 1955.

2. That the basis of appraisement as to item 9617R in reappraisement appeal 271009–A was foreign value, and the question of the appraisal of said item is not included in the appeals before the court.

3. That the imported merchandise, with the exception of item 9617R, was appraised on the basis of cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, the appraised value thereof having been fixed at the invoice value, plus 9.60 per centum, net, packed.

4. None of the involved merchandise except item 9617R was freely sold or offered for sale in the principal markets in France to all purchasers, in usual wholesale quantities, in the ordinary course of trade, either for home consumption or for exportation to the United States.

5. None of the involved merchandise which was appraised on the basis of cost of production, or similar merchandise, was freely sold or offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, as specified in section 402(d) of the Tariff Act of 1930.

6. That the item of 9.60 per centum added to the invoiced value consisted of certain French social security and other taxes paid by the manufacturer before the exportation of the merchandise to the United States and thereafter refunded to the manufacturer after the goods had been exported to the United States.

7. That the said 9.60 per centum which was added to the invoiced value was included as part of the usual general expenses and as such part of the cost of production.

8. That there is no evidence in the record as to how the manufacturer, who is also the exporter, carried the payment of said taxes upon his books, whether as part of general expenses, cost of material, or otherwise.

As conclusions of law, the court finds:

1. That the plaintiffs have failed to establish that the inclusion of the tax or taxes in question as part of the general expenses of the manufacturer and exporter under the provisions of section 402(f) of the Tariff Act of 1930 was improper, and that the presumption of the correctness of the Government appraisal must stand.

2. That cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and

3. That such values for the merchandise in question are the appraised values.

4. That item 9617R under reappraisement appeal 271009-A is not properly before the court, and the appeal as to said item only should be dismissed.

Judgment will be entered accordingly.